I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO (SEE BELOW) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE

TO: DATE: DEPUTY CLERK:
Plaintiff 04/11/2018 DV

blank civil rights form

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BRADLEY CARL MARTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>T. LEWANDOWSKI et al.,<br><br>    Defendants. | No. CV 18-01569-FMO (DFM)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.

## INTRODUCTION

On February 26, 2018, Plaintiff, a prisoner currently housed at the California State Prison, Sacramento, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. See Dkt. 1 ("Complaint"). On March 12, 2018, this Court granted Plaintiff's request to proceed in forma pauperis. See Dkt. 6.

The Complaint names the following persons as Defendants, all in their individual and official capacity: (1) T. Lewandowski; (2) Debbie Asuncion; (3)

Perez; (4) Avalos; and (5) Hernandez. See Complaint at 3-4.[1] Plaintiff alleges civil rights violations including: (1) excessive force; (2) deliberate indifference to medical care; and (3) deliberate indifference to prison conditions. See id. at 9-10. Plaintiff seeks declaratory and injunctive relief and damages for injury suffered in the amount of not less than $100,000. See id. at 17.

In accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court must screen the Complaint for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief might be granted; or seeks monetary relief against a defendant who is immune from such relief.

## II.
## SUMMARY OF PLAINTIFF'S ALLEGATIONS

On October 15, 2017, D-Yard of Lancaster State Prison was placed on lockdown for a period of 3.5 months. See Complaint at 9. During this time, Plaintiff was forced to "disclose private information" in the presence of "others" and was forced to "shower in feces" because the administration restricted the workers from cleaning the showers. Id. Plaintiff was further denied privileges to "call home, canteen, or packages [sic]." Id. These circumstances caused Plaintiff's mental and physical health to "deteriorate," so Plaintiff notified Asuncion and Lewandowski, the warden and associate warden, respectively. Id. Plaintiff received no response from them to his "22 forms" or "request for interview/services" and now alleges that "she" acted deliberately indifferent by "her mismanagement, . . . persistent fraud, abu[se] of her authority and other oppressive tactics." Id. at 10.

On another date in 2017, Plaintiff was "manhandle[d]" by correctional officers Hernandez and Avalos and sergeant Perez, one of whom said they

---
[1] All page references to the Complaint are to the CM/ECF pagination.

2

"were going to 'beat [Plaintiff's] ass.'" Id. After laughing at and taunting Plaintiff, Hernandez, Avalos, and Perez "maliciously" threw Plaintiff to the ground. Id. While Plaintiff was on the ground, Perez punched Plaintiff and Hernandez and Avalos kicked and "mace[d]" him. Id. The exchange lasted for five minutes. See id.

As a result of the beating, Plaintiff bled profusely and "scre[amed] in agony." Id. Perez covered up the incident by denying Plaintiff medical attention and failing to report the incident to his supervisor. See id.

Based on the foregoing, the Complaint requests declaratory, injunctive, and monetary relief and appears to allege claims of excessive force and deliberate indifference. See id. at 5-17.

### III.
### STANDARD OF REVIEW

The following standards govern the Court's screening of the Complaint. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to Plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Further, since Plaintiff is appearing pro se, the Court must construe the allegations of the complaint liberally and must afford Plaintiff the benefit of any doubt. See Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th

3

Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)). Moreover, with respect to Plaintiff's pleading burden, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (holding that to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. <u>See</u> <u>Lopez v. Smith,</u> 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is <u>pro</u> <u>se</u>. <u>See id.</u> at 1130-31; <u>see also</u> <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment") (citing <u>Noll v. Carlson,</u> 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. <u>See</u> <u>Cato</u>, 70 F.3d at 1105-06; <u>see, e.g.</u>, <u>Chaset v. Fleer/Skybox Int'l, LP</u>, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that

4

"there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) (holding that "[b]ecause any amendment would be futile, there was no need to prolong the litigation by permitting further amendment").

## IV.
## DISCUSSION

### A. Plaintiff's Official-Capacity Claims

Plaintiff names each Defendant both in his or her official and individual capacities. See Complaint at 3-4. The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985); Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166. Here, Defendants are officers or agents of the CDCR. Therefore, all of Plaintiff's claims against Defendants in their official capacities are tantamount to claims against the CDCR.

States, state agencies, and state officials sued in their official capacities are not persons subject to civil rights claims for damages under 42 U.S.C. § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 64-66 (1989); see also Hafer v. Melo, 502 U.S. 21, 27-30 (1991) (clarifying that the Eleventh Amendment does not bar suits against state officials sued in their individual capacities nor for prospective injunctive relief against state officials sued in their official capacities). The CDCR is an agency of the State of California, and is therefore entitled to Eleventh Amendment immunity. See Brown v. Cal. Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009).

To overcome the Eleventh Amendment bar on federal jurisdiction over

suits by individuals against a State and its instrumentalities, either the State must have "unequivocally expressed" its consent to waive its sovereign immunity or Congress must have abrogated it. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984). California has consented to be sued in its own courts pursuant to the California Tort Claims Act, but such consent does not constitute consent to suit in federal court. See BV Eng'g v. Univ. of Cal., L.A., 858 F.2d 1394, 1396 (9th Cir. 1988). Furthermore, Congress has not abrogated sovereign immunity against suits under 42 U.S.C. § 1983. See Quern v. Jordan, 440 U.S. 332, 341 (1979).

Accordingly, to the extent Plaintiff seeks monetary damages against the Defendants in their official capacity, the Eleventh Amendment bars such claims.

**B.  Plaintiff's Allegations of Personal Involvement**

In order to state a claim for a civil rights violation under 42 U.S.C. § 1983, a plaintiff must allege that a particular defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the U.S. Constitution or a federal statute. 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988). Suits against government officials under § 1983 in their individual capacity "seek to impose personal liability upon a government official for actions he takes under color of state law." Graham, 473 U.S. at 165. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In short, "there must be a showing of personal participation in the alleged rights deprivation." Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

2002); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant."). While individual governmental agents may still be held liable for group participation in unlawful conduct, there must be some showing of "individual participation in the unlawful conduct" for imposition of liability under § 1983. Jones, 297 F.3d at 935. Absent such individual participation, an officer cannot be held liable based solely on membership in a group or team that engages in unconstitutional conduct unless each officer had "integral participation" in the constitutional violation alleged. Chuman v. Wright, 76 F.3d 292, 294-95 (9th Cir. 1996).

Plaintiff may not rely on general and conclusory allegations directed at a group without specifying the individual participation of each person named as a defendant in the events giving rise to each claim. For instance, Plaintiff alleges that he "was forced to disclose private information," "force[d] to shower in feces . . . because the administration refused to allow worker[s] to clean the shower[s]," and "denied privileges" to call home, canteen, or "packages."[2] Complaint at 9. Plaintiff's broad-stroke claims fail to specify which factual allegations are lodged against which individual defendants.

---

[2] While Plaintiff notes that he was "forced to disclose private information in the presence of other[s] violating confidentiality law[s] under 'PREA,'" Plaintiff does not state what information was disclosed nor does he explain how he has a private cause of action under the Prison Rape Elimination Act ("PREA"). See, e.g., Bell v. County of Los Angeles, No. 07-8187, 2008 WL 4375768, at *6 (C.D. Cal. Aug. 25, 2008) ("Plaintiff has no claim under the Prison Rape Elimination Act; the Act does not create a private right of action."); Porter v. Jennings, No. 10-1811, 2012 WL 1434986, at *1 (E.D. Cal. Apr. 25, 2012) (noting same). Absent further clarification, the Court dismisses Plaintiff's privacy claim to the extent it is brought under PREA.

Similarly, Plaintiff alleges that after notifying Lewandowski and Asuncion about the threats to his safety and health, "she" failed to respond and was deliberately indifferent by "her" mismanagement and abuse of "her" authority and other oppressive tactics. Id. at 10. From the face of the Complaint, it is not clear who "she" is—Lewandowski or Asuncion. Allegations of misconduct require precise identification of each defendant's participation in bringing about the alleged violations. See Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992) (holding that vague and conclusory allegations of official participation in civil rights violations are not sufficient to state a claim under § 1983) (citing Ivey, 673 F.2d at 268).

To the extent that Plaintiff fails to identify any specific act or omission on the part of each Defendant personally in bringing about the constitutional violations alleged, the Complaint fails to state an individual-capacity claim against such Defendants.

## C. Eighth Amendment Excessive Force

The Eighth Amendment prohibits the use of excessive physical force against inmates. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). To prevail on an Eighth Amendment excessive force claim, the plaintiff must show whether the force used against him was "applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986).

"Not every malevolent touch by a prison guard gives rise to a federal cause of action." Wilkins v. Gaddy, 559 U.S. 34, 37-38 (2010) (quoting Hudson v. McMillan, 503 U.S. 1, 9 (1992)) (internal citation omitted). Necessarily excluded from constitutional recognition is the de minimis use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. See id. (quoting Hudson, 503 U.S. at 9-10) (internal citation omitted). In determining whether the use of force was wanton and

unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. See Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

Plaintiff's allegation of excessive force against Perez, Hernandez, and Avalos is arguably sufficient to state a claim. There do not appear to be any facts or circumstances that indicate that it was necessary for Plaintiff to be thrown to the ground and punched, kicked, and "maced" for a period of five minutes. Complaint at 10. Plaintiff's allegation that Perez, Hernandez, and Avalos laughed at and taunted Plaintiff suggests that the subsequent alleged beating was not applied in a good faith effort to restore order but for the very purpose of causing harm. See Whitley, 475 U.S. at 320-21.

Plaintiff's claim that he was "being manhandle[d]" by Perez, Hernandez, and Avalos, however, is ambiguous. See Complaint at 10. Without additional clarification on how each individual defendant handled Plaintiff, the Court cannot evaluate whether the alleged manhandling, prior to the alleged beating, was sufficiently serious to rise to the level of a constitutional violation.

### D. Eighth Amendment Deliberate Indifference

#### 1. Medical Care

To establish an Eighth Amendment claim that prison authorities provided inadequate medical care, a plaintiff must show that a defendant was deliberately indifferent to his serious medical needs. See Helling v. McKinney, 509 U.S. 25, 32 (1993); Estelle v. Gamble, 429 U.S. 97, 106 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997). Deliberate indifference may be manifested by the intentional denial, delay, or interference with a plaintiff's medical care, or by the manner in which the medical care was

provided. See Gamble, 429 U.S. at 104-05; McGuckin, 974 F.2d at 1059.

Furthermore, a defendant must purposefully ignore or fail to respond to a plaintiff's pain or medical needs. See McGuckin, 974 F.2d at 1060. A plaintiff must allege that, subjectively, a defendant had a "sufficiently culpable state of mind" when medical care was refused or delayed. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002) (citing Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995)). A defendant must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). An inadvertent failure to provide adequate medical care, mere negligence or medical malpractice, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, are all insufficient to constitute an Eighth Amendment violation. See Gamble, 429 U.S. at 105-07; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Moreover, the Eighth Amendment does not require optimal medical care or even medical care that comports with the community standard of medical care. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Gamble, 429 U.S. at 106; see, e.g., Anderson v. Cty. of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

As noted above, Plaintiff failed to state clearly which individual

defendant(s) acted with deliberate indifference to Plaintiff's medical needs. Plaintiff claims that he notified Lewandowski and Asuncion that his "safety and health was being threaten[ed]/in danger, through policy, regulations and 22 forms" and that "she" was deliberately indifferent by "failing to act and respond to [his] 22 forms request for interview/services" and through "her mismanagement and persistent abu[se] of her authority and [ot]her oppressive tactics." Complaint at 10. But, it remains unclear to whom "she" refers. Id. Also, "[m]ere indifference, negligence, or medical malpractice will not support" an Eighth Amendment deliberate indifference claim. Broughton, 622 F.2d at 460 (internal citations omitted). Plaintiff's vague assertion that someone denied him medical attention through an "abu[se] of authority" or "oppressive tactics," without any facts to support that allegation, does not amount to a constitutional violation. Complaint at 10.

Plaintiff also argues, in conclusory fashion, that Perez covered up "the violation of Plaintiff" in part by "d[e]nying [Plaintiff] of medical attention." Id. This, too, fails to state a claim on which relief can be granted. Under the authority discussed above, Plaintiff must be more specific about how Perez denied him medical attention.

### 2. Prison Conditions

"The Constitution . . . 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal citations omitted). In addition, a prison official must exhibit "deliberate indifference" to violate the Eighth Amendment. Id. at 297. To show "deliberate indifference," the plaintiff must satisfy two requirements. First, the deprivation or harm suffered by the prisoner must have been "sufficiently serious," that is, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious

harm." Farmer, 511 U.S. at 834 (quoting Wilson, 501 U.S. at 298). And second, the prison official must have a sufficiently culpable state of mind, or one of deliberate indifference to inmate health or safety. See id. The mental state of deliberate indifference is equivalent to that of reckless disregard; to be liable, the prison official must know of and disregard an excessive risk to inmate health or safety. See id. at 836-37.

While Plaintiff arguably states a deliberate indifference claim that he was forced to shower in feces because "the administration" refused to allow the workers to clean the showers, as discussed above, he fails to state which—if any—defendant permitted the alleged prison conditions and how he or she did so and facts sufficient to show that he or she acted with a culpable state of mind. Complaint at 9. If Plaintiff wishes to bring a claim against certain defendants on this ground, Plaintiff must name them and show culpable "individual participation in the unlawful conduct." Jones, 297 F.3d at 935; see also Farmer, 571 U.S. at 834.

Separately, Plaintiff's claim of "denied privileges" to call home and visit the canteen do not rise to the level of cruel and unusual punishment. See Cole v. Sisto, No. 08-2318, 2010 WL 2303257, at *2 (E.D. Cal. June 7, 2010) (noting plaintiff's claim that loss of canteen privileges was cruel and usual was "plainly frivolous"); Reynolds v. Jordan, No. 16-2505, 2017 WL 3269073 (C.D. Cal. Aug. 1, 2017) (noting that "denial of telephone privileges does not violate the Eighth Amendment"). And while Plaintiff references a denied privilege concerning "packages," it remains unclear what that privilege was and who denied him of that privilege. Complaint at 9. Absent further clarification, Plaintiff has not stated an Eighth Amendment violation arising from his denied privileges.

///

///

12

# V.
# CONCLUSION

Because of the pleading deficiencies identified above, the Complaint is subject to dismissal. Because it appears to the Court that some of the Complaint's deficiencies are capable of being cured by amendment, it is dismissed with leave to amend. See Lopez, 203 F.3d at 1130-31 (holding that pro se litigant must be given leave to amend complaint unless it is absolutely clear that deficiencies cannot be cured by amendment). If Plaintiff still desires to pursue his claims against Defendants, he shall file a First Amended Complaint within thirty-five (35) days of the date of this Order remedying the deficiencies discussed above. Plaintiff's First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint or any other pleading, attachment or document. The Clerk is directed to send Plaintiff a blank Central District civil rights complaint form, which Plaintiff is strongly encouraged to utilize.

**Plaintiff is admonished that, if he fails to timely file a First Amended Complaint, the Court will recommend that this action be dismissed with prejudice for failure to diligently prosecute.**

Dated: April 11, 2018

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

13